# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51029

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

TYLER L. WILLIAMS,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: September 30, 2024

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Mark T. Monson, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of four years, for felony driving under the influence, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

    Tyler L. Williams pled guilty to felony driving under the influence (previously found guilty of a prior felony within 15 years). Idaho Code § 18-8005(9). The district court imposed a unified sentence of ten years, with a minimum period of confinement of four years. Williams filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. Williams appeals, contending the district court abused its discretion by imposing an excessive sentence and denying his I.C.R. 35 motion for reduction of sentence.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Williams' I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new or additional information submitted with Williams' I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Williams' judgment of conviction and sentence and the district court's order denying Williams' I.C.R. 35 motion, are affirmed.